

## NUMBER 13-19-00544-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JAMES LAWRENCE WOMACK,                                            **Appellant,**

**v.**

THE STATE OF TEXAS,                                                     **Appellee.**

## On appeal from the County Court
## of Matagorda County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Justice Silva**

Appellant James Lawrence Womack appeals his conviction of driving while intoxicated (DWI) with a blood alcohol concentration (BAC) level above 0.15, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(a), (d). By a single issue, Womack argues the trial court erred when it denied his motion to suppress evidence based on a

warrant to draw a blood sample for alcohol testing which was signed by a non-attorney Justice of the Peace. We affirm.

## I.   BACKGROUND

The facts of this case are not in dispute. On November 3, 2018, Womack was stopped for speeding while driving a motor vehicle. Texas Department of Public Safety Trooper Jesus Leanos conducted the traffic stop and after a short interaction asked Womack to step out of the vehicle. Trooper Leanos attempted to conduct standardized field sobriety tests to determine whether Womack was intoxicated. Womack participated in the horizontal gaze nystagmus test but did not participate in the one-leg stand or walk-and-turn tests due to safety concerns and prior injuries. Trooper Leanos administered a portable breath test on Womack which yielded a 0.17 BAC level.

Trooper Leanos placed Womack under arrest for driving while intoxicated and provided him with the requisite statutory warnings regarding providing a blood or breath sample. Womack refused to provide a blood or breath sample, prompting Trooper Leanos to complete an affidavit in support of a warrant and submit it to a Matagorda County magistrate, Justice of the Peace Suzan Thompson. Thompson is not a licensed attorney. At the time of the warrant, Matagorda County did not have a judge of a municipal or county court that resided in the county and was a licensed attorney. Thompson determined that probable cause existed to take a sample of Womack's blood, and signed the warrant. The blood was drawn, which yielded a result of 0.161 BAC level.

Prior to trial, Womack filed a motion to exclude the results of the blood test. In relevant part, Womack argued the warrant was invalid because Thompson was "not an

attorney licensed by the state as required by Texas Code of Criminal Procedure article 18.01(j)." *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(j). The State asserted that Thompson was permitted to sign the warrant under article 18.01(i) because the county "[did] not have a municipal court of record with a courtroom located in that county and a judge who is an attorney licensed by the state, a county court judge who is an attorney licensed by the state, or a statutory county court judge . . . ." *See id.*18.01(i).

After a hearing, the trial court denied Womack's motion to exclude the evidence and proceeded to a jury trial. Womack was convicted, sentenced to 365 days in the Matagorda County jail probated for twelve months' community supervision and assessed an $800.00 fine. This appeal followed.

## II.    STANDARD OF REVIEW

The standard for reviewing a trial court's ruling on a motion to suppress is a bifurcated standard of review: "giving 'almost total deference to a trial court's determination of historical facts' and reviewing de novo the court's application of the law of search and seizure." *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (quoting *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997)). When the trial court does not make explicit findings of historical facts, we review the evidence in a light most favorable to the trial court's ruling. *Id.* at 327–28. "In other words, we will assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion." *Id.* at 328. "We will uphold the trial court's ruling if it is correct under any applicable theory of law and the record reasonably supports it." *Martin v. State*, 620 S.W.3d 749, 759 (Tex. Crim. App. 2021).

As to the issue presently before us, we note that it is uncontested that Thompson was not a licensed attorney when she signed the warrant. Similarly, neither party contests that Matagorda County "[did] not have a municipal court of record with a courtroom located in that county and a judge who is an attorney licensed by the state, a county court judge who is an attorney licensed by the state, or a statutory county court judge . . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(i). Accordingly, the only issue before us is whether the trial court applied the law correctly. Thus, we review the trial court's denial of the motion to exclude evidence de novo. *Carmouche*, 10 S.W.3d at 327.

### III. DISCUSSION

The Fourth Amendment protects "the right of the people to be secure in the persons . . . against unreasonable searches and seizures" and provides that "no [w]arrants shall issue, but upon probable cause, support by [o]ath or affirmation . . . ." U.S. CONST. amend IV. This right is also protected by the Texas Constitution and Texas Code of Criminal Procedure. *See* TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 1.06. Such protection is afforded against warrantless blood draws related to a DWI investigation. *State v. Villarreal*, 475 S.W.3d 784, 798 (Tex. Crim. App. 2014).

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX. CODE CRIM. PROC. ANN. art. 38.23.

But for extraordinary circumstances not applicable here, in the absence of the accused's consent, law enforcement must obtain a warrant to draw the individual's blood. *Villareal*, 475 S.W.3d at 798. The issuance of a search warrant for a blood draw is

4

governed by Chapter 18 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM.

PROC. ANN. ch. 18. At the time the warrant was issued, article 18.01(j) provided that:

> any magistrate who is an attorney licensed by this state may issue a search warrant under Article 18.02(10) to collect a blood specimen from a person who:
>
> (1) is arrested for an offense under Section 49.04 . . . [of the] Penal Code; and
>
> (2) refuses to submit to a breath or blood alcohol test.

Act of May 24, 2017, 85th Leg., R.S., ch. 1035 (H.B. 1727), § 1, 2017 Tex. Gen. Laws

4068 (eff. Sept. 1, 2017) (amended 2019) (current version at TEX. CODE. CRIM. PROC. ANN.

art. 18.01(j)).[1] However, article 18.01(i) provides:

> In a county that does not have a municipal court of record with a courtroom located in that county and a judge who is an attorney licensed by the state, a county court judge who is an attorney licensed by the state, or a statutory county court judge, any magistrate may issue a search warrant under Article 18.02(a)(10) or (12). . . .

*Id.* art. 18.01(i).

Subsection (i) was intended to expand the list of magistrates with the authority to

issue evidentiary warrants in certain counties." *Barrios v. State*, 452 S.W.3d 835, 847

(Tex. App.—Amarillo 2014, pet. ref'd); *see also Zalman v. State*, No. 13-13-00471-CR,

2015 WL 512914, at *4 (Tex. App.—Corpus Christi–Edinburg Feb. 5, 2015, pet. ref'd)

(mem. op. not designated for publication). Accordingly, the plain language of subsection

---

[1] At the time the relevant version was in effect, there was no Texas Code of Criminal Procedure article 18.02(10), but instead article 18.02(a)(10) which provided: "A search warrant may be issued to search for and seize . . . property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX. CODE CRIM. PROC. ANN. art. 18.02(a)(10). The statute was later amended to correct the reference. *See* Acts 2019, 86th Leg., R.S., ch. 467 (H.B. 4170), § 4.004 (eff. Sept. 1, 2019).

(j) does not restrict the power to sign a blood evidence warrant to magistrates who are also Texas-licensed attorneys, but instead identifies one permissible set of magistrates authorized to issue a search warrant for the collection of a blood specimen. *See Barrios*, 452 S.W.3d at 846–47; *see also Zalman*, 2015 WL 512914 at *5.

Because article 18.01(i) permits a magistrate who is not a licensed attorney to issue a warrant for a blood draw under the present circumstances, Womack's sole issue is overruled. *See Barrios*, 452 S.W.3d at 846–47; *see also Zalman*, 2015 WL 512914 at *5.

## IV. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of August, 2021.

6